# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2017-0372, <u>Darlene Ketteridge v. Martin, Lord & Osman, P.A.</u>, the court on May 2, 2018, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The plaintiff, Darlene Ketteridge, appeals orders of the Superior Court (<u>MacLeod</u>, J.) dismissing her claims for legal malpractice, negligence, and breach of contract and granting summary judgment to the defendant, Martin, Lord & Osman, P.A., on her claim for fraud. We affirm.

The following facts are taken from the trial court's orders. In 2001, the plaintiff's parents executed a trust prepared by an attorney working for the defendant law firm. Article Twentieth addressed the parents' capacity as grantors to amend the trust. It stated: "The Grantors reserve to themselves during their lifetimes the powers . . . to remove any Trustee hereunder, and appoint a successor Trustee or Trustees, or to vary or modify the terms of the trust, or to revoke the same, or to withdraw all or any part of the trust estate . . . ." The father was the sole trustee, the plaintiff was the sole successor trustee, and upon the death of the last grantor, the parents' four children were to split any remaining trust assets.

In the fall of 2004, the brother contacted the defendant regarding the parents' trust, saying he wanted the trust language amended to eliminate ambiguity as to whether a surviving parent could amend the trust. The defendant sent the parents a letter stating that there had "been many changes in laws and regulations during recent years that affect wills, trusts, probate, and other estate planning issues" and inviting them to review their estate plan. The letter did not disclose that the brother had contacted the defendant regarding the parents' trust. Shortly thereafter, the parents went to the defendant's office and executed an amendment ("first amendment") to Article Twentieth to provide the grantors the powers to revoke or amend the trust or to withdraw from the trust estate "during their lifetimes, or during the lifetime of the surviving Grantor . . . ." The amendment also made the mother, not the plaintiff, the successor trustee.

The father died on December 4, 2009. At that time, the trust provided that the trust assets that remained after the death of the second parent would be equally distributed between the plaintiff and the brother. Two months after the father's death, the mother and the brother retained a new attorney, not

employed by the defendant, and the mother executed another amendment that eliminated the plaintiff as a beneficiary.

In 2012, the mother died in Vermont, where her estate was probated. The plaintiff thereafter learned of the brother's and the defendant's actions and, in the course of probate litigation, successfully established that the brother employed undue influence to eliminate the plaintiff as a trust beneficiary.

The plaintiff brought the present action, based upon the defendant's involvement in the parents' execution of the first amendment, alleging claims of: (1) legal malpractice; (2) negligence; (3) breach of contract; and (4) fraud. She alleged that the defendant concealed the brother's conduct from the parents and breached duties to the parents and to the plaintiff. The defendant moved to dismiss all four claims.

In addressing the plaintiff's negligence claim, the trial court analyzed whether the defendant owed the plaintiff, an intended beneficiary of its clients' estate plan, a duty to ascertain whether its clients were subject to undue influence. The trial court observed that this court has recognized that an attorney owes a duty of care to an intended beneficiary of a will to draft the will non-negligently. Simpson v. Calivas, 139 N.H. 1, 7 (1994). We have also stated that "an attorney's duty to an intended beneficiary of a will is limited." Riso v. Dwyer, 168 N.H. 652, 654 (2016). The trial court reasoned that imposing a duty in this case could force attorneys to compromise their duty of undivided loyalty to their clients and create conflicts among potential beneficiaries. The trial court stated that "[a]n attorney should be free to conduct an objective determination of whether a client is under undue influence without needing to consider the possibility that a certain determination could lead to liability to individuals other than the client." Otherwise, "the specter of liability under such circumstances could cause attorneys to unnecessarily refuse to draft or amend estate planning documents when presented with the slightest hint that a client is subject to undue influence, needlessly resulting in scenarios where individuals struggle to secure legal representation." Thus, the trial court found that the defendant did not owe the plaintiff a duty in this case, and dismissed the plaintiff's negligence claim.

The trial court addressed the plaintiff's breach of contract claim, which sounded in tort, under the same analysis as the plaintiff's negligence claim and dismissed the claim on that basis. The trial court dismissed the plaintiff's malpractice claim, finding it repetitive of the plaintiff's tort and contract claims. The trial court denied the defendant's motion to dismiss the fraud claim.

The defendant subsequently moved for summary judgment on the fraud claim. The trial court granted the motion, stating that the plaintiff had "failed

2

to establish that her eventual status under the trust would have been different if [the brother's] actions had been exposed." The court reasoned that the plaintiff's interests "could only vest upon [her parents'] death," and that any vested rights would be of value only if there were assets remaining in the trust at that time.

The trial court observed that the first amendment, the execution of which formed the basis of the plaintiff's claims, "did not, in and of itself, modify or amend the distribution of the trust's assets" or change the plaintiff's beneficiary status. Rather, the court reasoned, it was the mother's subsequent action, taken after the father's death and years after the first amendment, that eliminated the plaintiff as a beneficiary. Finally, the trial court noted the absence of evidence suggesting that the first amendment was executed contrary to the parents' intent or without their understanding. The trial court concluded that "[e]ven assuming that the defendant in this case made a misrepresentation or concealed information from [the father] and the plaintiff, the plaintiff has not established that she is entitled to damages due to the defendant's conduct." The trial court granted summary judgment for the defendant. The trial court denied the plaintiff's motion to reconsider. This appeal followed.

"In reviewing the trial court's grant of a motion to dismiss, we consider whether the allegations in the plaintiff's pleadings are reasonably susceptible of a construction that would permit recovery." England v. Brianas, 166 N.H. 369, 371 (2014). "We assume that the plaintiff's factual allegations are true and construe all reasonable inferences in the light most favorable to" her. Id. However, we need not assume the truth of conclusory statements. Id. "We then engage in a threshold inquiry, testing the facts alleged in the pleadings against the applicable law." Id. (quotation omitted). "[I]f the facts pleaded do not constitute a basis for legal relief," we will affirm the trial court's grant of the motion to dismiss. Id. (quotation omitted). "Whether a duty exists in a particular case is a question of law, which we review de novo." Id.

"When reviewing a trial court's grant of summary judgment, we consider the affidavits and other evidence, and inferences properly drawn from them, in the light most favorable to the non-moving party." Sabinson v. Trustees of Dartmouth College, 160 N.H. 452, 455 (2010). "If this review does not reveal any genuine issues of material fact, i.e., facts that would affect the outcome of the litigation, and if the moving party is entitled to judgment as a matter of law, we will affirm." Id. We review the trial court's application of the law to the facts de novo. Id.

On appeal, the plaintiff argues that the trial court erred when it: (1) dismissed her claims for malpractice, negligence, and breach of contract, ruling that the defendant owed no duty to the plaintiff; and (2) granted summary judgment to the defendant on her fraud claim, ruling that the plaintiff could

3

not establish damages.  The plaintiff observes that we have recognized that an attorney owes limited duties to intended beneficiaries of clients' estate plans, arguing that, in this case, the defendant had a duty to tell the father about the brother's involvement, and explain to the father the consequences of, and alternatives to, the first amendment.  The plaintiff further contends that, but for the conduct that led to the first amendment, the mother would not have been able to eliminate the plaintiff as a beneficiary, and the plaintiff would have received the half-share of trust assets originally allocated to her.

As the appealing party, the plaintiff has the burden of demonstrating reversible error.  Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's well-reasoned orders, the plaintiff's challenges to them, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error.  See id.

Affirmed.

LYNN, C.J., and HICKS, BASSETT, and HANTZ MARCONI, JJ., concurred.

**Eileen Fox,
Clerk**

4